[Civ. No. 707.  First Appellate District.—December 28, 1909.]

In the Matter of the Estate of LEWIS GREGORY, Deceased. ALICE E. G. BUSH, Appellant, v. OLIVER BLANCH-ARD, as Executor of Last Will of LEWIS GREGORY, Deceased, Respondent.

WILLS—TRUST IN PERSONAL PROPERTY—VALIDITY—PAYMENT OF RESI-DUE AFTER DEATH OF BENEFICIARY.—A trust created under a will in personal property for the benefit of the testator's wife during her life, and directing the trustee after her death to pay over the residue to two grandchildren named, is not invalid as sus-pending the power of alienation, under sections 769 and 1344 of the Civil Code. Those sections apply only to trusts in real prop-erty; and a trust in personal property is subject to no statutory restriction. The grandchildren named have a vested remainder in the residue of the personal property after the death of the wife.

ID.—DEATH OF WIFE BEFORE DECEASE OF HUSBAND—LAPSE OF TRUST —BEQUEST OF RESIDUE TO GRANDCHILDREN NOT DEFEATED.—Though the wife died before the death of the husband, and the trust cre-ated by the will for her benefit thereby became inoperative and failed; yet the bequest of the residue of the personal property to the named grandchildren was not thereby defeated.

ID.—CONSTRUCTION OF WILLS AGAINST INTESTACY.—In the interpreta-tion of wills, constructions which lead to intestacy, total or par-tial, are not favored. Such an interpretation should, if possible, be placed upon the will as will prevent intestacy, especially where the will evinces an intention on the part of the testator to dis-pose of the whole of his estate.

ID.—DISTRIBUTION TO RESIDUARY LEGATEES NAMED IN WILL.—Not-withstanding the lapse of the wife's right as a beneficiary in the trust fund by her prior death, there being residuary legatees, who were to take the residue of the personal property, as persons named in the will; after her death the property of which the trust fund was to be constituted must pass to and be distributed to them, and not descend to the heirs of the testator.

APPEAL from orders of the Superior Court of Alameda County, denying a petition for partial distribution of an estate of a deceased person, and granting a petition for final distribution.  F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Milton T. U'Ren, and Edmund Nelson, for Appellant.

Hiram A. Blanchard, for Respondent.

KERRIGAN, J.—This is an appeal from an order denying a petition for partial distribution, and also from an order granting a petition for final distribution.

The material facts have been agreed upon and are set forth in a stipulation entered into by the parties interested.

Lewis Gregory died July 2, 1907, and left surviving him as his heirs at law the appellant, Alice E. G. Bush, a daughter; Amy L. Gregory Blanchard, a granddaughter; George L. Gregory, a grandson, and four children of Mary E. Hauch, a deceased granddaughter, and George P. Hauch. The estate consisted wholly of personal property. The deceased left a will, which was duly admitted to probate on July 19, 1907. After specially disposing therein of portions of his property, the will contained the following provisions in paragraphs 4 and 5 thereof:

"'4th. I give and bequeath to my daughter, Alice E. Bush, and to her daughter, Alice Berry, each the sum of Five dollars.

"5th. All the rest, residue and remainder of my estate I give, devise and bequeath to Oliver Blanchard, in trust, to have and to hold the same during the life of my said wife, upon the following trusts, to wit:

"To convert the same into money, invest and reinvest the proceeds thereof safely so that it shall be income producing, and promptly collect and pay over to my wife therefrom for her own use, benefit and disposal, the sum of Thirty dollars per month in each and every month during the entire term of her natural life, together with such additional sum or sums, from time to time during her life as said trustee or his successor may from time to time determine that her circumstances require, said payments to be made from the principal of said fund, and upon the death of my wife, to immediately pay over and deliver all of said trust fund and residue of my estate then remaining to my granddaughter, Amy L. Gregory Blanchard, and my grandson, George L. Gregory, to whom, to wit: my said granddaughter and grandson, I hereby give, devise and bequeath all of said residue of said trust fund in equal share, to have and

to hold the same unto them and their heirs and assigns forever. No bond shall be required of said trustee.''

Prior to the death of the testator his wife died. Thereafter, the appellant, Alice E. G. Bush, signed a written waiver of the specific bequest to her of the sum of $5, and subsequently she filed a petition for a partial distribution of the estate, on the ground that as the testator's wife had predeceased him the trust clause became inoperative, null and void; that there was no provision in the will for the disposition of the residue of the estate except the one attempted to be set out in the aforesaid trust clause, which was for the residuum not of the estate but of the trust fund; that by reason thereof the deceased died intestate as to the residue of his estate.

The petition of appellant for partial distribution was denied, and the petition of the executor for final distribution was granted, and by this order the residue of the estate was distributed to the two grandchildren named in the fifth paragraph of the will set out above.

The residue of the testator's estate consists entirely of personal property, and appellant contends that sections 769 and 1344 of the Civil Code deal with real or immovable property exclusively, and that therefore the grandchildren did not, upon the death of the testator, have a vested remainder in the residue of his estate. Yet, on the other hand, to support her position that the provisions of the trust are void, she calls our attention to a number of cases, in each of which the trust concerned real property, and was either to convey, or suspended the power of alienation for an unlawful period, and was therefore invalid. Neither the sections of the Civil Code cited, nor the cases referred to are in point. The property involved here is personal property, which is subject to no statutory restriction (*Estate of Wakerly,* 108 Cal. 656, [49 Am. St. Rep. 97, 41 Pac. 772]), and the trust created by the will was not unlawful nor invalid. It merely, by reason of the death of the beneficiary before the will took effect, became inoperative and failed. The real question in the case is, Did the testator intend to dispose of the whole of his estate, and is his will susceptible to such construction? We think so, and that it is plain from the provisions of the fifth paragraph of his will above

quoted that the testator constituted the residue of his estate into a trust fund, and provided that upon the death of his wife whatever was left of this trust fund should go to the two grandchildren named. The fact that the wife never lived to become the beneficiary of the trust created in her favor is no reason for holding that the subsequent provision of the will directing the disposition of the fund should be defeated. "In the interpretation of wills, constructions which lead to intestacy, total or partial, are not favored; and such an interpretation should, if possible, be placed upon the provisions of the will as will prevent intestacy, especially where the will evinces an intention on the part of the testator to dispose of his whole estate." (*Lebreton* v. *Cook*, 107 Cal. 410, [40 Pac. 552]; *Estate of Granniss*, 142 Cal. 1, [75 Pac. 324]; *Estate of Lux*, 149 Cal. 205, [85 Pac. 147].)

In paragraph fifth of the will, as we have seen, the testator gave, devised and bequeathed all the rest, residue and remainder of his estate to the trustee in trust for the benefit of his wife, and the residue of that fund, which would be the residue of the estate, he directed to be delivered and paid over to his two grandchildren in equal shares, and in the same paragraph he directed that all the trust fund and the residue of his estate be paid over and delivered to his said grandchildren. The testator's wife having died before him, she never became entitled to the trust fund. The provision as to her lapsed, but as there were residuary legatees designated in the will, the property out of which the trust fund was to be constituted must go to them, and not descend to the heirs.

The orders appealed from are affirmed.

Hall, J., and Cooper, P. J., concurred.