(80 Misc. Rep. 1.)

## In re MARSHALL et al.

(Surrogate's Court, Kings County. March, 1913.)

1. WILLS (§ 756\*)—CONSTRUCTION—GENERAL LEGACY.

A will bequeathing "$2,000, $1,000 in cash, and $1,000 due on a certain mortgage," describing the mortgage, considering alone the words quoted, constituted a general legacy, payable from the demonstrated source, if available, and otherwise from the general estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1949–1955; Dec. Dig. § 756.\*]

2. WILLS (§ 750\*)—CONSTRUCTION—GIFT.

Words of a will constituting a general gift must prevail, unless subsequent language at least equally specific imposes a specific character upon the gift.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1936, 1937; Dec. Dig. § 750.\*]

3. WILLS (§ 853\*)—CONSTRUCTION—REMAINDER OF TRUST FUND—TO WHOM PAYABLE.

Where a will created a trust for several beneficiaries successively, and provided that in case of the death of the one last named the remainder of the fund should be paid to other beneficiaries, "in such sums from time to time as in the judgment of the executors may seem best," and all the beneficiaries died before testator, except some of the last-named beneficiaries, the trust as to them was accelerated and the trust fund was payable to them immediately; the words quoted being too indefinite to vest the executors with any discretion to postpone the payment.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2169; Dec. Dig. § 853.\*]

Proceeding upon the judicial settlement of the account of John R. Marshall and another, as executors, etc. Decreed according to opinion.

John T. Bladen, of Brooklyn, for executors.

William J. Mahon, of New York City, special guardian for Annie Dorothy Taylor, an infant.

Joseph A. Keenan, of New York City, special guardian for Emily Guttridge, incompetent.

KETCHAM, S. [1] Construction is required of the following:

"First. After all my lawful debts are paid and discharged I give and bequeath unto William Marshall, my late wife's son, two thousand ($2,000) dollars, one thousand dollars in cash, and one thousand dollars due on a certain mortgage, executed to me by Francis M. Witt, bearing date May 1, 1873."

This gift is primarily of $2,000 in words which, standing alone, would constitute a general legacy. The mere devotion of a designated portion of the decedent's estate to the payment of the legacy in part only makes the legacy pro tanto demonstrative. Giddings v. Seward, 16 N. Y. 365. That being its character, it is payable from the demonstrated source, if available, and otherwise from the general estate.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] Again, words constituting a general gift must prevail, unless subsequent language, at least equally expressive, imposes a specific character upon the gift. Roseboom v. Roseboom, 81 N. Y. 356; Hacker v. Hacker, 153 App. Div. 270, 138 N. Y. Supp. 194, and cases cited. But in the sixth paragraph the mortgage is made applicable to the discharge of each of the many legacies contained in the will, in the event that abatement shall become necessary. The mortgage cannot be merged in the general assets and be also the subject of a specific gift.

[3] The third paragraph contains a trust for several beneficiaries successively, and finally, in the event of the death of the beneficiary last named, it provides as follows:

"But in the event of her death, I desire that the remainder of the trust fund be paid to the husband and children of my sister, Maria Tayler, in such sums from time to time, as in the judgment of the executors may seem best."

All the beneficiaries of the trust having died before the testator, except certain children of Maria Tayler, the sister, the trust for such children is accelerated, and the provision is to be construed as if it were merely a direction that the trust fund should be paid to such children. This, then, would be a dry trust, and the children of the sister, when ascertained, would become legatees of the fund in the same manner as if it were directly given to them.

The sister having died between the making of the will and the death of the testator, and several of her children having died in the same period, the two children who survived such period become the only remaining beneficiaries. The only gift to any of the sister's children was contained in a direction for payment in the event of the sister's death. This was future, and not vested. It was a provision for a class, and inures only to the benefit of those who are revealed as members of the class at the time when the payment is to be made.

The legacy must be immediately payable to these children, despite the qualification that it is to be paid "in such sums from time to time as in the judgment of the executors may seem best." These words, so far as they might operate to invest the executors with a discretion to postpone the payment, are too indefinite to yield any practical meaning. They must receive such construction as will maintain the validity of the provision, rather than a construction which would destroy it. A direction that a legacy should be paid by executors only when they should in their discretion choose to pay it would at least be of doubtful validity. It may be saved by the interpretation that the only discretion vested in the executors is such as will accord with the law and that the fund is payable at once.

Let a decree be submitted in accordance with these views.

Decreed accordingly.