Matter of the Estate of Mary M. Grinnell, Deceased.

(Surrogate's Court, New York County, January, 1921.)

*Executors and administrators — accounting — specific legacy — when legatee entitled to legacy with accrued income from the time the will takes effect.*

Proceeding upon the accounting of an executor.

Stetson, Jennings & Russell, for executor.

James S. Darcy, for William and Harold Landon.

John J. O'Connell, special guardian.

FOLEY, S. William G. Landon and Harold M. Landon are entitled to a one-fourth part of the cash and securities mentioned in the will on deposit in the Guaranty Trust Company with the accrued income thereon. The legacy to them was specific. *Crawford v. McCarthy*, 159 N. Y. 514; *Matter of Matthews*, 122 App. Div. 605. The death of one of the life tenants before the testator had no effect on the estate in remainder except to entitle the remaindermen to actual possession of the property as soon as the will took effect. *Campbell v. Rawdon*, 18 N. Y. 412, 421; *Utica Trust & Deposit Co. v. Thompson*, 87 Misc. Rep. 31. Moreover, regardless of the nature of the legacy, the plain language of the will requires an equal division of income and principal in four shares. The rule, therefore, that general legacies bear interest from a date one year after the granting of letters has no application to this estate. *Matter of Stanfield*, 135 N. Y. 292, 294; *Matter of Parkin*, 190 App. Div. 875, 877. Artificial and technical rules cannot annul the clearly expressed intention of the testatrix. In paragraph 4 of her will she provided that upon the death of the mother of the Landon children it was her intention that " equality should be established between my four children mentioned in this will." Although in her codicil she subsequently revoked the provision for an increased share of the income to Mrs. Landon, this declaration of equality survived and was reiterated in the codicil in her declaration that " it is my intention that all cash and securities mentioned in my will as being on deposit at the Morton Trust Company (the predecessor of the Guaranty Trust Company) shall be divided equally among my children." **Mr.**

Surrogate Fowler, in his decision construing the will, has given effect to this declaration of equality. The proposed distribution of income set forth in the account creates inequality and is neither fair nor just. The amount of income due the Landon children will be the proportionate share of the total income earned on the entire fund, which has been averaged at five and eight one-hundredths per cent.

Decreed accordingly.