[Civ. No. 6461. Second Appellate District, Division One.—April 4, 1929.]

In the Matter of the Estate of N. BELLE GRIGGS, Deceased. ROBERT HERDMAN, Respondent, v. LOUIS P. BOARDMAN, Administrator, etc., Appellant.

Philip C. Boardman for Appellant.

Walter J. Hartzell for Respondent.

HOUSER, J.—This appeal is from an order of partial distribution of an estate and a judgment therein made by the superior court by which the sum of $4,775 was ordered distributed and paid to one Robert Herdman, a legatee in the will of N. Belle Griggs, deceased.

So far as is here material, the will which furnished the authority for the order and the judgment in question provided that the trustee therein named distribute—

"To Anna Herdman, the income from Five Thousand Dollars ($5,000.00) to be paid to her semi-annually during

the term of her natural life and upon her death to pay said principal sum of Five Thousand Dollars ($5,000.00) to her son, Robert Herdman.''

It appears that Anna Herdman predeceased the testatrix herein.

The basic contention of appellant is that the legacy to Anna Herdman lapsed with her death, and consequently that the trial court erred in its order and judgment. Certain authorities, including *Estate of Goodfellow,* 166 Cal. 411 [137 Pac. 12], are cited by appellant in support of his position. Without here setting forth the facts upon which either of such authorities is based, it may suffice to state that none of them presents a situation paralleling either the facts or the law applicable to the question here involved. On the other hand, both statutory and judicial authority support the conclusion reached by the trial court. (Secs. 1344, 741, 742, Civ. Code; *Estate of Gregory,* 12 Cal. App. 309 [107 Pac. 566].) To the same effect are *Frelinghuysen* v. *New York Life Ins. etc. Co.,* 31 R. I. 150 [Ann. Cas. 1912B, 237, 77 Atl. 98]; *In re Marshall,* 80 Misc. Rep. 1 [141 N. Y. Supp. 540]; *Ives* v. *Central Union Trust Co.,* 110 Misc. Rep. 740 [180 N. Y. Supp. 343]; *In re Grinnell's Estate,* 115 Misc. Rep. 722 [185 N. Y. Supp. 909]; *Payne* v. *Reece,* 297 Mo. 54 [247 S. W. 1006]; *Allen* v. *Mayfield,* 20 Ind. 293; *Richmond* v. *Van Hook,* 38 N. C. 581; *Dunlap* v. *Dunlap,* 4 Desaus. (S. C.) 305; *Coleman* v. *Hutchenson,* 3 Bibb (6 Ky.), 209 [6 Am. Dec. 649]. See, also, 22 Cal. Jur. 816.

The judgment and order are affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 1, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 3, 1929.

All the Justices concurred.