In the Matter of the Estate of GESSEL WOLF, Deceased.

Surrogate's Court, Kings County, June 24, 1931.

*Bonynge & Barker* [*Daniel A. Dorsey* of counsel], for the petitioners.

*Henry Logan,* special guardian for George Levy, an infant.

*L. Lawrence Green,* special guardian for Rosamond Polon, Millicent Polon, Constance R. Raywid, Joy Raywid and Audrey Levy, infants.

WINGATE, S.   Certain questions of testamentary construction have been raised affecting the " second " item of the testators'

will. It directs that his estate be divided into six equal parts, three of which are given outright to his widow. It thereupon directs in substance that one of the remaining parts be given to each of his three daughters in trust for their respective children. The direction in this regard concerning testator's daughter Judith reads as follows: " I direct that one-third ($\frac{1}{3}$) of my remaining estate shall be held by my beloved daughter, Judith Frances Polan in trust for the benefit of her children, and which she shall divide equally between her children. The share, however, due her said children, shall not be paid until such child shall have arrived either at the age of 21 years or shall have married before said time, then and in that event such child's share shall be paid to such child."

The directions respecting the other two daughters, whereas not worded in identical form, are substantially the same.

It is obvious that the so-called trusts erected present no active duties by the trustees and hence come within the provisions of section 93 of the Real Property Law providing that in such cases the estate vests in the nominal *cestuis que trustent*. (*Woodgate* v. *Fleet*, 64 N. Y. 566, 573; *Jacoby* v. *Jacoby*, 188 id. 124; *Matter of Gambrill*, 135 Misc. 516, 520.)

It would seem apparent that the so-called trust gifts in each case were gifts to classes, the composition of which is to be determined as of the time of vesting, which in this case is the death of the testator. (*Toher* v. *Crounse*, 57 Misc. 252, 262; affd., 127 App. Div. 934.)

Since all of the children thus benefited are infants, it is obvious that general guardians must be appointed for them upon proper application for that purpose. By the appointment of the respective mothers, the suspensory provisions of the gifts can be given practical effect. (*Woodgate* v. *Fleet*, 64 N. Y. 566, 574.)

The final question in the case relates to the infant George Levy, who was born on November 28, 1930, six months and twenty-eight days after testator's death, which occurred on April 30, 1930. In *Matter of Gebhardt* (139 Misc. 775) this court had recent occasion to consider at some length the authorities respecting the rights of a child *en ventre sa mere* to be included in a gift to a class, and for the reasons and on the authorities therein stated it must be determined that George Levy is entitled to share in the gift to the children of his mother.

The practical result of the application of these principles is that testator's property vests one-half in his widow and one-twelfth each in Rosamonde Polon, Millicent Polon, Constance R. Raywid, Joy Raywid, Audrey Levy and George Levy.

Proceed accordingly.