## In the Matter of the Estate of Rachel Lewis, Deceased.

Surrogate's Court, Kings County, January 8, 1932.

*Cutler & Cutler*, for James Lewis.

*Joseph A. Kennedy*, special guardian.

Wingate, S.   At the time of her death, the only assets of this decedent, except household furniture sold for $123, a claim for refund of a coal bill of $2, and a bank deposit of $2.92, consisted of an apartment house located at 207 Eighth avenue, in Brooklyn, which was appraised in the transfer tax proceeding at $15,500. Her will devised all her property to her executor in trust to convert into cash " as soon after my death as may be practicable, taking into consideration that most of my estate consists of real estate and a reasonable market should be found therefor." From the proceeds of the sale, she directed payment of legacies of $500 each to three grandchildren and the remainder to her three children in equal shares. The will further stipulated that none of the legacies should " become due and payable until a reasonable market for the sale of my real estate can be found."

It has been made to appear that the building in question is extremely difficult to rent owing to its antiquated construction. The executor has, up to the present time, deemed market conditions so unfavorable as to render an attempted sale inadvisable. He has managed the property, and in this connection his accounts demonstrate extreme diligence and somewhat surprising success since the property has been made to carry itself and yield a profit sufficient

to pay debts and funeral expenses and leave a slight margin. In this proceeding he has indicated his belief in the impossibility of further successful continuance of such management unless the building be modernized, which will involve an estimated expenditure of $2,000.

This intermediate accounting contemplates not merely the approval of the actions of the executor up to the present time, but a construction of the will to determine whether the executor has the power to modernize the building. He also seeks the advice and direction of this court as to whether he should exercise this power if it be held to exist.

The three grandchildren, who are the general legatees, are infants, and their special guardian raises the question as to the time from which their benefits carry interest.

It is entirely apparent from the phraseology of the will that the testatrix, at the time of its execution on January 2, 1930, was fully cognizant of the untoward business conditions which might make a sale of the building impossible or inadvisable for some time to come, and that she attempted, by the phraseology employed, to guard against any undue sacrifice of her sole patrimony. Viewing the instrument in the light of the surrounding conditions then existing, of which this and other courts have and should take judicial notice, it is unquestionable that the testatrix intended to repose an especial confidence in her executor for the purpose of working out a maximum return for the property according to the dictates of his best judgment. The presence of this testamentary intent and authority being determined, the scope of the powers of the fiduciary is to be liberally construed. (*Matter of Quinby*, 134 Misc. 296, 302.) While primary obligations are those of diligence and ordinary prudence (*Matter of Pollock*, 134 Misc. 212, 217; *Matter of Kruger*, 139 id. 907–909; 141 id. 475, 476), it is his duty to conserve the assets of the estate and make such payments and expenditures as are reasonably necessary for that purpose. (*Matter of Gurlitz*, 134 Misc. 160–162; *Matter of Gargiulo*, 138 id. 90, 97.) Therefore, if the executor, who has thus far given every evidence of diligence and sound judgment, deems it advisable to make the improvements upon the property indicated to be necessary for its continued holding and can do so without incumbering it, the court deems the authority granted by the will ample for the purpose. Naturally he would, as a prudent man, adopt such a course only after full consultation with reliable authorities and a careful consideration of all phases of the subject. In deference to the wishes of the testatrix, this court cannot, however, substitute its opinion as to the advisability

of this action for that of the executor. (*Matter of Weissmann*, 140 Misc. 360, 363; *Matter of Ebbets*, 139 id. 250, 252; *Matter of Wander*, 141 id. 584; *Matter of Storts*, 142 id. 54–56.)

In the cases last cited this court has attempted to demonstrate for the reasons therein stated that in no case will it undertake to advise fiduciaries upon purely business matters. A repetition of these reasons would be a labor of supererogation.

On the question of advisability of the contemplated action, one further consideration may be worthy of note. The special guardian for the infants has indicated his belief that if the property were now sold the legacies, aggregating $1,500, given to his wards could be paid in any event. If this unproved fact be so, it is obvious that any further retention, management and possible improvement of the property is solely in the interest of the adults. Conversely, the chief, if not the whole, risk involved in the adoption of such a course will fall upon the infants. It would appear unfair to place the legacies of the infants at undue hazard in an enterprise from which they could not profit, and in connection with which the adults would be the sole beneficiaries. If such be the fact, it would seem a more proper and equitable arrangement for the adults individually to contribute a sum sufficient to pay the distributive shares of the infants, whereupon the former would become the sole beneficial owners of the property and could thereafter deal with it as they saw fit.

By the terms of the will the payment of the legacies is postponed until a " reasonable market " for the sale of the real estate can be found. Interest on the legacies will, therefore, not be payable until that time arrives. The existence of such a condition is a question of fact, determinable upon proof, which is at the present time not forthcoming.

As no objections have been interposed to the accounts of the executor they are approved.

Proceed accordingly.