In the Matter of the Estate of JAMES SHEVLIN, Deceased.

Surrogate's Court, Kings County, March 26, 1932.

*Wingate & Cullen,* for the petitioners.

*Charles G. Coster* [*John T. Brenna* of counsel], for the respondents Mary S. Gillen and others.

*Wrenn & Schmid* [*John H. Schmid* of counsel], for Marion Shevlin.

WINGATE, S. The problem presented in this proceeding for construction arises by reason of the occurrence of certain contingencies which the testator, at the time of the execution of his will, apparently failed to foresee and against which he certainly did not provide. There is, therefore, here no question of intent of the testator, as " the court is powerless to construe the will on the basis of the eventualities which have actually transpired since such an act would not amount to a construction of the will which was actually made, but would be a rewriting of the instrument by the court in the manner in which it might conjecture the testator would have wished, had he foreseen the actual turn of events." (*Matter of Smallman,* 138 Misc. 889, 896.) (See, also, *Matter of Sheffer,* 139 id. 519, 522; *Matter of Tuozzolo,* 141 id. 251, 253; *Matter of McCafferty,* 142 id. 371, 373–375; *Matter of Mehler,* 143 id. 63.)

The tenth item of the document, in so far as now material, directed the division of the residuary estate into three equal parts and their holding on trusts. The provisions respecting these trusts were identical except for a presently immaterial direction in the first, concerning prior payment of certain taxes, the life income being given to the three brothers of testator, respectively, with remainders to the issue of the several life tenants.

The language of the second trust, so far as presently pertinent, is identical with the others, and reads as follows: " (2) To pay the income on another one of such shares or parts to my brother, Patrick, during his life time, and upon his death to divide the principal of such share among his issue, *per stirpes* and not *per capita*  *  *  *."

The life tenant named in the first trust was testator's brother Thomas; in the second, as noted, he was Patrick, and in the third, George. Both Thomas and Patrick predeceased the testator, the former dying on September 16, 1921, and the latter on September 23, 1922. Testator died on November 24, 1924, and the will was admitted to probate and letters testamentary issued on December 3, 1924. Thomas was survived by four children and Patrick by six, all of whom were living at testator's death. George survived the testator and died on August 4, 1926, leaving one child. The question presented for decision concerns the disposition of the income earned by the estate during the administrative year following the testator's death.

Three established rules on this subject have possible present pertinence. The first is that income on an ordinary legacy is not usually payable until the end of the administrative year following the grant of letters (*Matter of McGowan*, 124 N. Y. 526, 531; *Matter of Lewis*, 142 Misc. 392, 394; *Matter of Murdoch*, Id. 186, 188; *Matter of Harned*, 140 id. 151, 153; *Matter of Meyer*, Id. 1, 7; *Matter of Burroughs*, 137 id. 844, 852; *Matter of Berbling*, 134 id. 730, 731), for the reason that the benefit is not legally due until that time in the absence of clear testamentary language to the contrary. (Surr. Ct. Act, § 218.) The second is that "where the income of an estate, or of a designated portion, is given to a legatee for life * * * he becomes entitled to it whenever it accrues * * *." (*Matter of Stanfield*, 135 N. Y. 292, 294; *Cooke* v. *Meeker*, 36 id. 15, 22; *Matter of Meyer*, 140 Misc. 1, 7; *Matter of Billings*, 137 id. 758, 764; *Matter of Wolfman*, Id. 325, 327, 328.) Third, where a portion of the residue of an estate is given in trust, with other parts made the subject of outright gifts, the earnings during the administrative year are usually subject to division, the life tenant of the trust receiving as income that proportion thereof which his principal fund bears to the whole, the balance being prorated between the principal of his fund and the other gifts from residue. (*Williamson* v. *Williamson*, 6 Paige, 298, 306; *Matter of Benson*, 96 N. Y. 499, 511; *Matter of Lord*, 134 Misc. 198; affd., 228 App. Div. 771; *Matter of Bernheimer*, 136 Misc. 566; *Matter of Ryan*, 140 id. 364; *Matter of Reese*, 141 id. 428.) Whereas this last rule has been repealed by statute (Pers. Prop. Law, § 17-b, added by Laws of 1931, chap. 706, in effect April 24, 1931), it is obviously to be applied in the present proceeding, if pertinent.

The question of the applicability of this rule of apportionment and ascertainment of the true residue is the subject of the entire present controversy. Whereas all parties cite numerous adjudications, neither the diligence of counsel nor the independent research of the court has disclosed any precedent which has directly decided the question upon facts similar to those here presented. Where some of the residuary gifts are in trust and others are outright benefactions, the rule applies. Where none or all are trusts, the question is immaterial since, in such a case, there must be a *pro rata* division of the income during the administrative year either as income or in possession at the termination of such period, respectively.

In the absence of precedent, decision of the question requires an application of basic principles. As this court has frequently pointed out (*Matter of Leonard*, 143 Misc. 172; *Matter of Hartfield*, 139 id. 214, 216, 217), "it is necessary first to analyze precisely

what the testator accomplished in his residuary gifts of income and principal. He had two things to give, *first*, the final possessory right to the residue of his estate, and, *second*, the use thereof for not exceeding two lives in being at the time of his death." He elected to make such division in respect to each one-third of his residuary estate. As to any one of these thirds, he gave the use for life to the particular brother named therein; the final possessory right, which comprised the entire third of the remainder less only the use thereof to his brother, he gave to that brother's children. The gift of the life use to the brother was obviously subject to the implied condition that the brother should be alive to receive it at the time of testator's death. This condition failed of performance in respect to the gifts for Thomas and Patrick, wherefore the gift to the children of such brothers became absolute gifts of one-third of the residue, respectively, since nothing subtracted from one still leaves one. The gift of such principal " upon " the death of the named life tenant, on the authorities, simply referred to the particular contingency upon which the estate was limited and not to the time it was to come into being. (*Hennessy* v. *Patterson*, 85 N. Y. 91, 101; *Hersee* v. *Simpson*, 154 id. 496, 500; *Connelly* v. *O'Brien*, 166 id. 406, 408; *Ackerman* v. *Ackerman*, 63 App. Div. 370, 372; *Trowbridge* v. *Coss*, 126 id. 679, 683; *Matter of Woodruff*, 135 Misc. 203, 206; *Matter of Leonard*, 143 id. 172.) The condition on which the estate to the children was to come into being, as expressly stated in the will, was the death of the particular brother. To this the law added another, of the death of the testator himself. The predecease of the particular brother caused his benefit to lapse with like effect as if it had never been inserted in the will. The result, therefore, would be that as to those shares of the residue, the life tenant of which predeceased the testator, the trust would become merely a dry one, vesting the subject-matter immediately in the persons answering the description of the donees thereof, with like effect as if the gift of the principal had been made directly to them by name. (*Matter of Wolf*, 140 Misc. 595, 596; *Matter of Bell*, 141 id. 720, 722; *Matter of Terwilligar*, 142 id. 249, 253.) The situation is precisely that envisaged in the language of Surrogate KETCHAM in *Matter of Marshall* (80 Misc. 1, 3): "All the beneficiaries of the trust having died before the testator, except certain children of Maria Tayler, the sister, the trust for such children is accelerated and the provision is to be construed as if it were merely a direction that the trust fund should be paid to such children. This, then, would be a dry trust, and the children of the sister, when ascertained,

would become legatees of the fund in the same manner as if it were directly given to them."

It must, therefore, follow that the rules of *Williamson* v. *Williamson*, *Matter of Benson*, *Matter of Lord* and the other cases above cited, applying similar rules, control the distribution of the income earned during the administrative year.

The error of counsel for the children of the deceased brothers lies in a confusion of terms. There is here an acceleration of the trust, not an acceleration of a remainder. Viewed from the time of the death of the testator, as of which the will speaks (*Matter of Thompson*, 217 N. Y. 111, 115; *Matter of Harden*, 177 App. Div. 831, 840; affd., 221 N. Y. 643; *Matter of Sargent*, 215 App. Div. 639, 641), there was no remainder to accelerate, since the gift to the children was not a future estate dependent on a precedent estate. (Real Prop. Law, § 38.) No precedent estate could be created on the facts as they existed at the death when applied to the terms of the will; therefore, there could be no future estate, or the same thing in other terminology, " remainder," to accelerate. All that did or could come into existence in this regard was a present gift of one-third of the residue of the estate. *Matter of Fordham* (235 N. Y. 384) and similar cases have no present application. They merely involved determinations that the taking effect of a life estate was not a condition precedent to the taking by those to whom the ultimate possessor rights of the fund were given. The language cited from these opinions is to be read in connection with the questions presented for decision, and when so read furnishes no semblance of authority for the contention for which they are quoted.

Proceed accordingly.