JOHN A. JACKSON, et al., v. EXCHANGE NATIONAL BANK OF TAMPA.

12 So. (2nd) 450            January Term, 1943
March 12, 1943                 Division A

*H. P. Baya,* for appellant.

*John J. Twomey,* for appellees.

TERRELL, J.:

Kate V. Jackson of Hillsborough County, executed a codicil to her will in which she bequeathed $5000 in trust to the Exchange National Bank of Tampa with power to invest and reinvest and to pay the income therefrom to Christine Rahming, her faithful servant, and if said income be not sufficient to provide for her properly, then the trustee shall use the corpus of the fund for that purpose. The codicil concluded as follows:

". . . in case there shall be any balance of said trust fund at the time of her death, then in that event my said Trustee shall pay over the same to the Right Reverend Patrick Barry, Bishop of St. Augustine of The Roman Catholic

Church, and his successors in office, for the use and benefit of St. Peter Claver Church of Tampa, Florida."

Christine Rahming predeceased the testatrix. Appellees being eligible to inherit from the testatrix contended that the bequest lapsed when the beneficiary died so the trustee brought this suit to have the codicil construed. The chancellor held that the bequest did not lapse but that it passed to the Bishop of St. Augustine and his successors in the manner provided by the codicil. The defendants appealed.

The rule is that where a testator makes a bequest to one for life with remainder over to a third party and the life tenant predeceases the testator, the bequest becomes a naked trust payable direct to the third party. In other words, the death of the life tenant merely accelerates the time when the bequest over is vested. The only exception to this rule is that the will show a definite intent to the contrary. Thompson v. Thornton, 197 Mass. 273, 83 N.E. 880; Frelinghuysen v. New York Life Ins. Co. 31 R.I. 150, 77 Atl. 98; In re Fordham's Will, 235 N.Y. 384, 139 N.E. 548; In re Hurd's Estate, 305 Penn. 394, 158 Atl. 174; In re Gregory's Estate, 12 Cal. App. 309, 107 Pac. 566.

There is nothing in the codicil to show an intent contrary to this though it is shown that the testatrix lived more than two months after the death of the beneficiary. We are convinced that it accords with the express intent of the testatrix, so the judgment appealed from is affirmed.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.