TERRELL, Justice.
Louisa Sheaf and husband George A. Sheaf made mutual or reciprocal wills, describing all their property. Said wills were made at the same time, granted to each the same rights over their property, the most of which was owned by them jointly; each gave the other the power of disposition and devised certain percentages of the property to relatives. The husband predeceased the wife, who made no change in her reciprocal will. This appeal is from an order of the Circuit Court affirming an order of the Probate Court construing the will of Louisa Sheaf.- Appellant is the only child of Louisa Sheaf and seeks to defeat the right of the relatives of George A. Sheaf, to inherit under the will, alleging that the legacy to his stepfather lapsed at his death and consequently the power vested in him to dispose of one-half the estate lapsed because it was contingent on a life estate with power to dispose of the fee which never vested. The Probate Court held that the death of the life tenant, prior to the death of the testatrix, did not defeat the rights of the remaindermen, causing their legacies to lapse. The Circuit Court affirmed.
In our view, the question is concluded by Jackson v. Exchange National Bank of Tampa, 152 Fla. 528, 12 So.2d 450; American Jurisprudence, Volume 57, Wills, Section 1432; Redfearn on Wills and Administration of Estates in Florida, page 192. These authorities hold that the death of the life tenant merely accelerates the time when the bequest over is vested. Intestacy is not favored and by the facts shown here any other interpretation placed on the will in question than that placed by the Probate Judge would do violence to the purpose of the testatrix.
The judgment is therefore affirmed on authority of the cited authorities.
Affirmed.
HOBSON, C. J., and SEBRING and MATHEWS, JJ., concur.