### HAMILTON v. HAMILTON et al.

(Supreme Court, Appellate Division, First Department.   December 10, 1909.)

1. WILLS (§ 672*)—CONSTRUCTION—TESTAMENTARY TRUSTS.

   A will bequeathed the remainder of the estate to testator's daughter, and such other children as might be born to him, absolutely, subject, however, as to an undivided half thereof, to the right of his wife to enjoy the rents and profits thereof for her life, and further provided that testator empowered his said "executors and trustees" to sell the real estate of which he died seised, and authorized them, "upon the expiration of said trust term," to divide the estate among the persons entitled, and further provided that testator empowered his said "executors and trustees during the said trust term to invest and reinvest the trust fund" in certain securities named. His wife and others were named as executors and guardians of his daughters during minority. The will further empowered "my executors and trustees and guardians of the estate of my said child" to invest in the manner prescribed any money coming into their possession under the will. *Held*, that no property was devised to the executors to hold in trust for any of the beneficiaries, so that no trust was created, and the duties imposed upon the executors were not such as to imply a trust.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1581; Dec. Dig. § 672.*]

2. WILLS (§ 676*)—CONSTRUCTION—CREATION OF TRUST.

   While the courts should, where possible, be guided by testator's intention in construing a will, they will not adopt a strained construction to create a trust, instead of an absolute gift; and an absolute gift cannot be changed to a trust by vague and indefinite language.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1591, 1592; Dec. Dig. § 676.*]

Appeal from Special Term, New York County.

Action by Schuyler Hamilton against William P. Hamilton and others. From an order (63 Misc. Rep. 533, 118 N. Y. Supp. 588) directing the substitution of the executors and trustees of the plaintiff named as parties plaintiff in his stead, the defendant above named appeals. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Edward R. Vollmer, for appellant.
Timothy Davenport, for respondent.

HOUGHTON, J.   This action is in partition, and during its pendency the plaintiff, Schuyler Hamilton, died, leaving a last will and testament, by which he appointed his wife, Emma Gray Hamilton, Henry Staton, and Fletcher Hurst Montgomery executors. After probate of the will and the qualifying of the executors, they moved to be substituted as plaintiffs in the action in place of their deceased testator, on the ground that a trust was created by the will, which

vested title to his real estate in them. The will does not in express terms create a trust, or devise real property to the executors; but it is insisted that a trust case be implied, and that such was the intention of the testator.

After certain specific and money bequests the testator bequeathed and devised all the rest, residue, and remainder of his estate to his daughter, Alexandra, and such other child or children as should be born to him, "absolutely, subject, however, as to an undivided one-half of said property, both real and personal, to the right of my wife, Emma Gray Hamilton, to have, hold, use, and enjoy the same, and to receive and use the net rents, income, and profit thereof, during the term of her natural life, for which said term I hereby give, devise, and bequeath the said undivided one-half of said property, both real and personal, to her as life tenant thereof." No other children were born, and the will operated only in favor of the daughter, Alexandra, who is an infant. The testator empowered his executors to sell or mortgage his real estate during the minority of any child, and also made the further provision, which reads as follows:

"I authorize and empower my said executors and trustees, or such of them as shall qualify, in their discretion, to sell my real estate of which I may die seised, and I also authorize them, upon the expiration of the said trust term, to partition and divide my estate among the persons who shall then be entitled thereto. And I further authorize and empower my said executors and trustees, during the said trust term, in their discretion, to invest and reinvest the trust fund in addition to investments authorized by law in improved real estate and the bonds or stocks of any corporation, provided said bond or stocks are listed upon the New York Stock Exchange, and, in the case of stocks, that they shall have paid dividends of not less than 5 per cent. per annum for a period of at least five successive years immediately prior to the time of purchase."

Then follows the clause nominating executors, which reads:

"I nominate, constitute, and appoint my wife, the said Emma Gray Hamilton, Henry Staton, and Fletcher Hurst Montgomery as executors of this will and as guardians of the estates of my daughter, Alexandra, and of any child or children which I may have by my said wife, during their respective minorities. * * * I authorize and empower my executors and trustees and guardians of the estate of my said child or children, in their discretion, to invest any moneys which may come into their possession pursuant to this will, in either of the aforesaid capacities, in the manner described in the fifth paragraph of this will" (above quoted).

The will further made provision for guardian of the person, as distinguished from the estate, of any of his infant children.

It seems to us that no title to real or personal property was devised or bequeathed to the executors to hold in trust for any of the beneficiaries named in the will, and hence that no trust was created. The testator's interest in the real property, for the partition of which he brought action in his lifetime, formed a part of the residue of his estate. All such residue was given absolutely to his daughter, Alexandra, and such other children as may have been born to him, subject, however, to a life interest in one-half thereof in favor of his wife. No other children were born, and therefore Alexandra took all the residue, subject to this interest of her mother.

While the words "trust term," "trustee," and "trust fund" are em-

ployed, the language used by the testator is not sufficient to vest title in his executors, and thereby create a trust; nor were the duties imposed upon his executors of such a character as that a trust can be implied. The executors are given a clear power to convey; but that is only a power unaccompanied by title. An absolute gift cannot be cut down and molded into a trust by vague and indefinite language. The executors are nowhere required to pay the income of such funds. as they may invest over to the beneficiaries. Very likely this might, be implied, if the other language of the will was sufficient to create a trust in them. There is no specific direction to hold in trust the one-half given to the wife for life, and the implication of a trust in favor of the daughter is negatived by the fact that the executors are made testamentary guardians, and as such have an office to perform with respect to investing her property during her minority. While the courts, if they can legally, should be and are guided by the intentions of the testator in construing the provisions of a will, they do not strain after a trust, or strive to cut down an absolute gift.

Our conclusion is that the executors, as such, had no such title as entitled them to be substituted as plaintiffs in the partition action in place of their deceased testator.

It follows, therefore, that the order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.