In the Matter of the Petition of MARY S. BARTHEN and Another for the Construction of Portions of the Last Will and Testament of ROSE LOGAN, Also Known as ROSEMARY LOGAN, Deceased.

Surrogate's Court, Westchester County, December 14, 1926.

Wills — construction — testatrix gave her two infant children all her property in trust, with direction to trustees to dispose of same in their discretion — valid express trust was not created under Real Prop. Law, § 96, and legal title to estate is not vested in trustees — will gives entire estate to children, subject to exercise of power of sale under Real Prop. Law, § 97.

Testatrix who, after giving her two infant children all her property in trust, directed that her executors and trustees take full charge thereof and in their discretion dispose of it for the best interests of said children, did not create a valid express trust within the meaning of section 96 of the Real Property Law and consequently the legal title to the estate is not vested in the trustees, but rather vests in the two children subject to the exercise of the power of sale given to the executors. The provision in said will which directs the executors to assume responsibility for the property and to sell, in their discretion, creates a valid power under section 97 of the Real Property Law, with power of sale in said executors; they hold, however, only as executors without taking a trust estate.

PROCEEDING for construction of will.

*Monfried & Warner*, for the petitioners.

*William T. Mulcahy* [*Henry P. Williams* of counsel], for James F. Logan, husband of decedent and general guardian of children.

Surrogate's Court, Westchester County, December, 1926.     [Vol. 128

SLATER, S.   In the probate proceeding the court was asked to construe the will.   The 2d and 4th paragraphs of the will are as follows:

"*Second.* I give, devise, and bequeath to my children, JACK LOGAN and MARIE LOGAN, all my property of whatsoever nature and wheresoever located, including all my household effects and my automobile, in trust however, as hereinafter mentioned."

"*Fourth.* I direct my executors and trustees to take full charge of all my property, and in their discretion, to dispose of same in any and every way as they shall deem for the best interests of my said children."

The question involved is whether Jack Logan and Marie Logan, the two infant children of the decedent, take the estate in fee and in possession, or whether the estate is vested in possession in trustees until Marie shall arrive at the age of twenty-five years. It is my opinion that a valid express trust was not created.   (Real Prop. Law, § 96.)   One of the elements of an express trust was omitted.   If a trust is legally made, it will be upheld, but it must stand as made.   (*Young* v. *Young*, 80 N. Y. 422, 430.)   The will was drafted by a layman and the usual happened.   The legal title to the estate is not vested in the trustees.   There was no intention to pass the legal title thereto to the trustees.   There was no express gift to the executrices, and no direction for them to collect or to apply the income to the use of anybody.   They hold as executrices merely performing their duties as such, without taking a trust estate.   (*Hodgman* v. *Cobb*, 202 App. Div. 259.)

The will gives and bequeathes the entire estate to the two children.   The 4th paragraph of the will creates a valid power (Real Prop. Law, § 97; *Ray* v. *Fowler*, 200 App. Div. 155) with right to sell the estate in the discretion of the executrices as they shall deem for the best interest of the two children.   The cases of *Morse* v. *Morse* (85 N. Y. 53) and *Hubbard* v. *Housley* (43 App. Div. 129) were decided on the theory of an implied power to receive the rents and profits, which cannot be applied to the instant case.   (See *Brooklyn Trust Co.* v. *Kernan*, 108 Misc. 452, 455.)

It is the court's opinion that the title is vested in the two children, subject to the exercise of the power of sale given to the executrices.   (*Hutkoff* v. *Winmar Realty Co., Inc.*, 211 App. Div. 726.)

Submit decree in accordance with this memorandum.