In the Matter of the Judicial Settlement of the Account of Proceedings of ELIZABETH C. SPENCER, Deceased, as Executrix, etc., of MARIAN C. GAMBRILL, Deceased, by HAROLD PALMER and GUARANTY TRUST COMPANY OF NEW YORK, as Executors, etc., of Said ELIZABETH C. SPENCER, Deceased.

Surrogate's Court, Westchester County, January 8, 1930.

*Battle, Miller, Levy & Van Tine* [*Pearson E. Newman* of counsel], for the petitioners.

*Carter, Ledyard & Milburn* [*Heber Smith* of counsel], for Josephine Alice Hollingsworth.

*Evarts, Choate, Sherman & Leon,* for Richard J. Hollingsworth.

*Frank J. Lamb,* special guardian, for Josephine Alice Hollingsworth.

*Charles Everett Moore,* special guardian for Elizabeth C. Worthington and others.

SLATER, S. The accounting petitioners seek a construction of certain provisions of the decedent's will. The will was admitted to probate December 31, 1920. The 11th item of the will creates the trust:

"*Item.* I give and bequeath unto my said beloved Niece, Elizabeth C. Spencer, her heirs, personal representatives and assigns, all of the stocks, bonds, mortgages and securities of which I may die possessed, in trust and special confidence nevertheless, to hold or to sell, as she, with proper legal advice, may see fit, and to collect the income arising from such property, and after paying any expenses necessary in connection with the management of such property, to pay over the net income of the sum of Twenty Thousand Dollars, to my said Brother, Channing Moore Coleman, or to such person or persons as he, my said Brother, may designate, for and during

the term of his natural life and from and immediately after his death, the trust hereby created shall cease and be at an end, and the property so held in trust as aforesaid, shall, with the exception of the sum of Five Hundred Dollars, go to and become the property and estate of my said Niece, Elizabeth C. Spencer, should she be living at that time, to be held by her for her life.   *   *   * "

The beneficiary is living.   The trustee has died.   The estate consists of personal property of the value of about $30,000.

The court will hold that the trust created for Channing Moore Coleman is a valid express trust of the sum of $20,000.   (*Matter of Kohler*, 231 N. Y. 353;  *Matter of Chittick*, 243 id. 304.)   (See *Matter of Clark*, 251 id. 458.)

The scheme of the will was to create a trust in the sum of $20,000 for the brother, and upon his death, it was to pass to the niece, Elizabeth C. Spencer, for her life.   The will contains the alternative provisions in the event Elizabeth C. Spencer survives Channing Moore Coleman, then the property passes to the ultimate legatees under the residuary clause.   In the event that Elizabeth C. Spencer should not survive Channing Moore Coleman, then the corpus passes under the 12th item of the will to the ultimate beneficiaries. Both contingencies cannot happen.   One did occur.   Elizabeth C. Spencer has died within the lifetime of Channing Moore Coleman and item 12 of the will comes into operation.   The 12th paragraph of the will, under which the corpus will reach the ultimate legatees, is as follows:

" *Item.* In the event that my said beloved Niece, Elizabeth C. Spencer, should not survive my said Brother, Channing Moore Coleman, I give and bequeath said property so held in trust as aforesaid, with the exception of the sum of Five Hundred Dollars, from and immediately after the death of my said Brother, unto my said Niece, Mary S. Worthington, my said Niece, Elizabeth C. Denny, and my Nephew, Richard J. Hollingsworth, to be held by them in the following proportions, viz: one-fifth thereof, to my said Niece, Mary S. Worthington; one-fifth thereof, to my said Niece, Elizabeth C. Denny; one-fifth thereof to my said Nephew, Richard J. Hollingsworth; one-fifth thereof, to the said Richard J. Hollingsworth, in trust for my Nephew, Thomas C. Hollingsworth; and the remaining one-fifth thereof, to the said Richard J. Hollingsworth, in trust for his Niece, Josephine Alice Hollingsworth, daughter of the late Henry Hollingsworth; the trust hereby created in favor of said Thomas C. Hollingsworth, to be administered in the discretion of the said Trustee, and is to be terminated according to his judgment; the trust hereby created in favor of the said Josephine Alice Hollingsworth to continue

until she reaches the age of twenty-one years, at which time she is to receive said one-fifth, free, clear and discharged of any trust; if, however, she should die before reaching the age of twenty-one years, leaving no child or children, then said one-fifth part is to go to and be divided among the said Elizabeth C. Denny, or her children, and the said Richard J. Hollingsworth, or his children, and the said Thomas C. Hollingsworth, or his children in equal shares, free, clear and discharged of any trust. Should any of the above named legatees die before the date of the death of the said Channing Moore Coleman, or before the date of the death of the said Elizabeth C. Spencer, the share or shares of the one or ones so dying, shall, after the date of the death of the said Elizabeth C. Spencer, go to his or her child or children, if any, and if none, then the share or shares of the one or ones so dying, shall go to and become the property of his or her nearest relatives among said legatees."

It appears that the corpus of the fund to be held in trust at the time of the decedent's death was about $26,000. For about eight years the whole income thereon was paid to the beneficiary of the $20,000 trust. The corpus of the trust has increased in value so that at the present time it is $35,000.

It is claimed by the beneficiary Coleman that he is entitled to a proportionate amount of the increased corpus which $20,000 bore to the original corpus. With this contention the court cannot agree.

The terms of the will creating the trust are not ambiguous. All the estate left after administration is held in trust and from the net income of such trust estate there shall be paid the net income on the sum of $20,000 to Coleman. I cannot find in any part of the will an intention that the income from any other sum than $20,000 should be paid to the beneficiary thereof. The testatrix directed the trustee to hold or to sell as she saw fit the securities. These investments might produce more or less income from year to year. The beneficiary Coleman received his proportionate share of the annual yield of the entire trust fund.

Merely because the trustee who is entitled to the balance of the income over and above that upon $20,000 has paid the income accruing from the entire trust fund to the beneficiary of the $20,000 fund is no good reason for holding it was the intention of the testatrix that Coleman was to have more than the clear language of the will indicated, namely, the net income of the sum of $20,000. The payment of such income by the owner of the next eventual estate must be looked upon as a voluntary gift of income.

The court would suggest to the trustee, however, that the securities in the amount of $20,000 be sold and reinvested in five and one-half

per cent mortgage certificates, being legal investments, so as to give the beneficiary the highest amount of income.

I conclude that the beneficiary Coleman is not entitled to have his income based upon a sum in excess of $20,000, nor is such fund of $20,000 to be augmented or appreciated out of any accretions to the general corpus of the trust.

With regard to the gifts over, the question is raised as to whether the attempted trusts for the nephew, Theodore C. Hollingsworth, and Josephine Alice Hollingsworth caused a violation of the statute against perpetuities, assuming two lives had intervened. The attempted trusts, in my opinion, do not violate the law: *First*, because the will contains alternative provisions; only one life need be considered and that is the life of Channing Moore Coleman; and *second*, if the life of Elizabeth C. Spencer need be considered as a second life, the trusts for said Thomas C. Hollingsworth and Josephine Alice Hollingsworth are illegal and void.

I hold that the trust for these two persons in the ultimate disposition of the corpus of the estate is a passive or naked trust. The will does not provide that the trustees for their shares shall receive the rents, issues and profits, nor does the will impose any active duty upon the trustees. (Real Prop. Law, §§ 93, 96; *Matter of Logan*, 128 Misc. 505; *Hodgman* v. *Cobb*, 202 App. Div. 259.) Consequently, there is no trust at all.

Thomas C. Hollingsworth and Josephine Alice Hollingsworth are each vested with one-fifth interest in the trust estate, subject to the limitations and subject to the substitution provided in the 12th paragraph of the will in the event of their dying before Channing Moore Coleman.

The surplus income from the corpus of the trust in excess of the income from a principal sum of $20,000 is to pass under the 12th paragraph of the will to the persons presumptively entitled to the next eventual estate, *i. e.*, to Elizabeth C. Spencer as life tenant until her death, and not to the persons presently entitled to the next eventual estate. (*Matter of Daggett*, 130 Misc. 635, 638, and cases cited.)

Upon the death of Channing Moore Coleman, the corpus of the trust is to be divided according to the terms of paragraph 12th of said will, as construed herein.