## In the Matter of the Estate of JOSEPH SCHULMAN, Deceased.

Surrogate's Court, Kings County, January 14, 1930.

*Albert Conway* and *Nathan Friedman*, for the petitioners.

*George F. Keenan*, special guardian, for Sylvia Schulman and others.

WINGATE, S. Four questions of testamentary construction are propounded by the executors under the will of Joseph Schulman, which was admitted to probate in this court on June 28, 1929. The first concerns the item of his will numbered " Third," by which testator bequeathed " all moneys credited to my account in " certain specified banks " or in any other banks " to his wife. On his death he had accounts in several banks which belonged to him individually and also two business accounts standing in his name which belonged to the partnership business in which he owned a two-thirds interest. The question is presented as to whether the wife is entitled to those business accounts in addition to the personal ones. It would seem as though this question might well answer itself. Surely if the decedent had had an account as trustee, no one would have the temerity to assert that the phraseology of the will would carry this to the widow. The same is equally true of the partnership account which decedent held as a fiduciary in like degree. This, while clear in any event, is removed from the possibility of question by the disposition made by decedent of his partnership interest, in the other items of his will. The question as to whether the bequests and trusts erected by items " Fifth " to " Eleventh," inclusive, are made

charges upon decedent's two-thirds interest in the jewelry business, is clearly answerable in the affirmative.

These directions are detailed and specific. The direction in item " Thirteenth " can be given effect without conflicting with this evident and carefully sustained intention. Under such circumstances the rule of construction becomes applicable that a clear and specific provision will not be cut down by a subsequent direction which is not equally clear. (*Matter of Buechner*, 226 N. Y. 440; *Matter of Rooker*, 248 id. 361, 364; *Union Trust Co.* v. *Cole*, 198 App. Div. 534, 537.) The answer to the second question carries with it the necessary corollary that the trusts in items " Eighth," " Ninth," and " Tenth " do not constitute an unlawful suspension of the power of alienation. The exact difficulty experienced by the executors in regard to testator's direction for the incorporation of the business is not apparent to the court either from their petition or the memorandum of their counsel. Testator owned a two-thirds interest in the business; his son, Harry Schulman, owned the other third. In effect, he gave his son and copartner one of his two-thirds and his executors and trustees the other, but he made such gifts contingent on the executors and son first satisfying the legacies and trust provisions expressly charged thereon, contained in the previous items of the will. These provisions aggregated $32,500. If we assume the total value of the business to have been $99,000, it would follow that at the time of his death decedent's interest was worth $66,000 and his son's own interest was $33,000. The gift of decedent's $66,500 was made subject to the gifts of $32,500 charged upon it, leaving a net value of $33,500, of which one-half passed to the son and one-half to the executors in trust. The result would be that after the payment of the charges, interests in the business of $16,750 each would pass to the son and the executors. The value of the business would then be $66,500, of which $49,750 would belong to the son and $16,750 to the executors. It is this aggregate interest which was to be incorporated and concerning which the decedent directed that his attorneys should be consulted.

In the opinion of the court, the testator did not intend that any of the beneficiaries in items 5 to 8, inclusive, should have any interest in the business except as security for their specific legacies and trust benefits. Proceed accordingly.