In the Matter of the Estate of GUSTAVE ADOLFE RAPPOLD, SR., Deceased.

Surrogate's Court, Kings County, October 15, 1930.

*Delafield, Thorne, Burleigh & Marsh,* for the executor.

WINGATE, S. This, like *Matter of Jackson* (138 Misc. 167), decided herewith, is an application by a corporate fiduciary to settle its account, in connection with which a determination is sought that such fiduciary is required by the provisions of testator's will to act in a dual capacity, consequently entitling it to double commissions.

The views of the court on the general subject and the determina-

tions on which it relies in attaining a result contrary to petitioner's prayer have been so fully detailed in *Matter of Jackson (supra)* that their present repetition would be a labor of superogation.

The present will consists of three numbered items. The first directs payment of debts and funeral expenses. The third appoints the accountant " Executor of and Trustee under " the will with broad powers, a subparagraph authorizing " my said Trustee " to retain existing investments, etc. The second devises and bequeaths all property after payment of debts and funeral expenses " to my Trustee * * * in trust to pay the income to " testator's mother for life and, on her death, to pay the same to testator's son until he attains the age of forty years, and then to pay the principal to him, if living, and if not, to his issue, if any. In default of such issue, the remainder is to be paid in equal shares to testator's brother and sisters and, in the event of their predecease, to the American Red Cross.

No sound distinction can be drawn between the testamentary directions in this will and those found in *Matter of Jackson (supra)*. In both a single person is named to administer the estate from start to finish. In both a gross and undivided fund is to be held by such fiduciary with income payable to specified individuals for a period and the division of the principal is to take place at a future time. Finally, in both the fiduciary is under obligation to pay the income from the moment of its qualification until the time when final payment of the principal becomes its matured obligation.

The fact noted in the petitioner's brief, that all parties have waived issuance of citation and consented that the account be judicially settled increases rather than diminishes the responsibility of the court in assuring that the fiduciary receives no more than its legal due, since it demonstrates the confidence of all parties in the court to see that justice is done to all. In view of the attitude of the court respecting the questions here involved, as expressed in *Matter of Abrahams* (136 Misc. 538), the accountant can, of course, have little doubt as to the disposition which will here be made of the present application. If, therefore, as the statement on behalf of the petitioner would seem to imply, all parties are satisfied that the accountant should receive recompense at a rate higher than that which the court has indicated it believes to be legally allowable, such result could be attained with infinitely less labor than that here expended by a direct payment or assignment by the interested parties to the accountant of such excess sums.

The fact that the accountant may, for its own purposes, and in its own interest, have made certain unauthorized bookkeeping entries can obviously not alter the legal rights of the parties.

Certain points advanced on behalf of the accountant will be briefly noted.

The statement that the duties which the accountant will be called upon to perform in future did not exist from the beginning and that they differ from those imposed upon it and performed from the moment of executorial qualification has been fully covered in *Matter of Jackson (supra)*.

The court's construction does not rewrite any document. It merely refuses to apply a legal fiction in its construction which is contrary to human experience, and, in its opinion, is not required by law.

Unquestionably there is a distinction between the words " executor " and " trustee," but the designation does not alter the inherent characteristics of the office, wherefore the designation becomes immaterial where the relationship is clear.

The argument from the stated premise, that coexecutors may act independently while cotrustees must act in unison, overlooks the language of *McAlpine* v. *Potter* (126 N. Y. 285), quoted in *Matter of Jackson (supra)*.

"A trust duty may thus be imposed upon an executor which thereby becomes and is made a function of his office." Though the question is not raised in the case at bar, since only a single trustee is named, it is probable that it would be held in such a case where trust obligations were imposed upon coexecutors that the rules respecting joint action would be applied by analogy in a manner similar to that in which rules of law respecting realty are applied to personalty. However, this question may well be left in abeyance until it is presented.

Counsel's expressed difficulty in imagining a case in which a testator could erect a trust of his entire residue for a single beneficiary is not shared by the court. Even were such the case, the only person who would probably be heard to complain would be the executor who was denied double compensation. Since, as a matter of practice, a proposed fiduciary is almost invariably consulted prior to the execution of the will, it would be entirely feasible at such time to explain to the testator that such fiduciary would accept the appointment under the will only on condition that compensation other or in addition to that provided by law were received. Such greater compensation, if expressly directed by testamentary act, would, of course, bind all parties.

The adoption of such a course would merely conform the now recognized business of acting as fiduciary to the usual custom in lines of personal service *inter vivos*, where it is usual to make a bargain respecting compensation prior to engagement of the person

who is to perform it. If such a simple expedient is objectionable and the rates of compensation in the present statute are too low, they should be increased by legislative action.

The objection which the court feels to applications of the present type is directed chiefly to the act of a fiduciary, owing the duty of highest good faith to testator and the beneficiaries under his will, in attempting to exact from the estate for a single service in its settlement, double the amount which testator, relying upon the provisions of section 285 of the Surrogate's Court Act, expected to pay, and double the amount which any one would have asserted that he was obl'gated to pay, had the identical acts and results been directed in slightly different language. This is particularly objectionable where, as in the usual case, such language was put into the testator's mouth by one on whom he had a right to rely for the conservation of his estate on behalf of those whom testator wished to benefit.

Whenever it appears that a testator actually intended to recompense his representative beyond the flat single statutory rate, as in cases of bequests in lieu of commissions, the matter does not concern the court. It is quite immaterial from any standpoint, except the effecting of testator's wishes, that he gave the administrator double or quadruple the usual rate. What does concern the court, however, is the attempt to make it appear that testator did so intend when any man on the street, by the exercise of ordinary common sense, would know that the contention was arrant nonsense. The principle applicable here is precisely the same as that followed by the Appellate Division in *Leask* v. *Beach* (173 App. Div. 873), in the portion of its opinion cited in *Matter of Jackson (supra)*.

The final question in the brief of accountant is as to whether additional trust powers conveyed by the will to the personal representative could be exercised by it in cases where it is determined that the executor acts as such throughout. The reply of the Court of Appeals to this question as contained in the foregoing citation from its opinion in *McAlpine* v. *Potter (supra)*, is an emphatic affirmative. In other words, under such a determination the will remains the same in all respects, the same beneficiaries receive the same property from the same fiduciary who is possessed of the same powers which are to be executed in the same way. The only difference is that the court will not read into the will as a result of an artificial presumption an intention of the testator to pay such fiduciary twice for the single settlement of his estate.

Further review of authorities is superfluous since they have already been commented upon at length both in *Matter of Abrahams (supra)* and *Matter of Jackson (supra)*. The court deems that these authori-

ties sustain the principles which it has formulated; the accountant disagrees. All that can be said in this situation is that after careful reconsideration and reflection the court adheres to its former opinion. This terminates the matter unless or until a contrary view is expressed by controlling authority.

In the opinion of the court the provisions of the will in the case at bar, when reasonably construed, contemplate action by the accountant only in a single capacity and double commissions are, therefore, not permissible.

Submit decree, on notice, accordingly.