In the Matter of the Estate of ELIJAH B. CORE, Deceased.

Surrogate's Court, Westchester County, May 23, 1933.

*Lachman & Goldsmith* [*Henry Hofheimer, Milton Mansbach* and *Louis J. Paley* of counsel], for Empire Trust Company and Harry M. Hirsch.

*Rogers & Whitaker* [*Spier Whitaker* and *John F. Condon, Jr.*, of counsel], for Dr. Charles Clingman.

*Jerome A. Peck*, special guardian.

SLATER, S.   Upon this accounting proceeding a question of double commissions arises.   The will provides for the payment of debts and funeral expenses; gives real property in Illinois; directs $200,000 be held by the executors and trustees for the life of the daughter, Alice M. Core, and upon her death paid over to certain other people; all the rest and residue of the property is devised and bequeathed equally to other persons.   The testator appointed two persons and a trust company " as Executors of and Trustees under this my Last Will and Testament."

Two of the executors contend that they are entitled to commissions as such for receiving and paying out the entire estate, including the $200,000 to be held by them in trust for Alice M. Core.

In solving the question of double commissions the rule is that double commissions are to be awarded only when the will contemplates several and separate actions as executors and also as trustees, and commissions are not to be allowed where the will makes no such separation, but blends the two duties and commingles them without a severance.   The facts of the instant case do not stand the test permitting double commissions.   (*Matter of Rappold*, 138 Misc. 163; *Matter of Jackson*, Id. 167; *Matter of Glenn*, 258 N. Y. 536.)

In the instant case the court finds no testamentary intent to create a trust fund after severance from the general assets of the estate. The rule laid down in *Matter of Schliemann* (259 N. Y. 497) does not apply.   As Judge LEHMAN said in the *Schliemann Case* (*supra*): " The courts have never attempted to formulate fixed tests, which can be applied in all cases, to determine testamentary intent.   That must always be gathered from the will read as a whole.   In those cases where double *commissions were denied*, the testator had made no distinction between functions which those named as executors or as executors and trustees should perform by virtue of their dual offices. There the wills not only postponed division and distribution of the

estate but contemplated that from the death of the testator the estate should be held by the executors, pending such division and distribution. Every duty resting upon those holding title to the estate was imposed upon the executors from the date of death, and every function and power to be exercised by them was intrusted to them from the same date. In those cases where double commissions were allowed, the directions given were different, and there were indications in the will that after the persons named as executors had fully completed administration of the estate, except as such administration might otherwise include distribution, they should hold the residue of the estate in separate trust funds or in one fund. * * *. Thus the court could discern a clear intention of the testator that at a fixed period those named as executors and as trustees should hold the property as trustees."

The recent case of *Matter of Coutts* (260 N. Y. 128) denied double commissions in a case where the testator had willed property to the trustee to pay over income to him for life, and thereafter to two or more beneficiaries for life.

The decree upon this accounting will provide for the payment of one-half commissions to the executors for receiving the entire estate and one-half commissions for paying out the estate, other than the $200,000 to be held by them in trust for Alice M. Core. The court will deny commissions upon the trust fund of $200,000 for paying over as executors to themselves as trustees.

Submit decree.