In the Matter of the Application of EMPIRE TRUST COMPANY and Others, for a Judicial Settlement of Their Account of Proceedings as Executors of and Trustees under the Last Will and Testament of ELIJAH B. CORE, Deceased.*

EMPIRE TRUST COMPANY, as Executor of and Trustee under the Last Will and Testament of ELIJAH B. CORE, Deceased, Appellant; CHARLES CLINGMAN and HARRY M. HIRSCH, as Executors of and Trustees under the Last Will and Testament of ELIJAH B. CORE, Deceased, and Others, Respondents.

Second Department, April 27, 1934.

* Affg. 147 Misc. 786.

312

*Henry Hofheimer* [*Milton Mansbach* and *Louis J. Paley* with him on the brief], for the appellant.

*John F. Condon, Jr.* [*Spier Whitaker* with him on the brief], for the respondents Charles Clingman, executor-trustee, and Ella M. Core, individually and as committee for Alice M. Core.

*Jerome A. Peck*, as special guardian for Robert Clingman and others, respondents.

DAVIS, J.   The will and the first codicil appointed two individuals and the appellant, Empire Trust Company, as " Executors of and Trustees under this, my Last Will and Testament.". The trust company alone is seeking double commissions in respect to certain securities set apart, the income of which was payable to the daughter of the testator, now declared to be an incompetent person. The individual executors are content with a single commission. The decree directed those named as executors and trustees to hold the balance of principal in their hands but discharged them from further liability as to all matters embraced in their account; and awarded commissions on all sums received and paid out.

By paragraph " third " of the will the executors were directed " to select from my investments at the time of my death securities, which at the time of my death have a market value of Two hundred thousand Dollars." The amount so designated was not a part of the residuary estate, which was otherwise disposed of, but the duty of setting up the fund was one confided to the executors, to be performed as one of their first acts; and they were directed to hold the same and pay the income from time to time to the daughter.

These duties were clearly those of the executors, and such was the intent of the testator. There has been no formal payment of the fund from the executors to themselves as trustees. If in a sense they were acting as trustees, the two functions with their corresponding duties coexisted, " interwoven, inseparable and blended together, so that no point of time is fixed or contemplated in the testamentary intention at which one function should end and the other begin; " and, therefore, " double commissions or compensation in both capacities cannot be properly allowed." (*Johnson* v. *Lawrence*, 95 N. Y. 154, 160.) (See, also, *McAlpine* v. *Potter*, 126 id. 285, 289; *Matter of Slocum*, 169 id. 153; *Matter of Coutts*, 260 id. 128; *Matter of Jackson*, 138 Misc. 167.) In the cases where double commissions are allowed, usually the trust is created from the residuary estate, the duties of the executors come to a definite end, and they may be discharged with directions to pay a fixed sum to the trustee as such, in accordance with the intent of the testator as ascertained by the language of the will. " The courts have

never attempted to formulate fixed tests, which can be applied in all cases, to determine testamentary intent. That must always be gathered from the will read as a whole." (*Matter of Schliemann,* 259 N. Y. 497, 503.) In this case we agree with the surrogate that there was no clear testamentary intent to create a trust fund to be separately administered by trustees after severance from the general assets of the estate.

The attorney for the appellant drew the will. If it was the deliberate intent of the testator that double commissions should be paid, then it should have been so declared in plain and unmistakable language.

We are in agreement with the principle stated by WINGATE, S., in *Matter of Rappold* (138 Misc. 163, 166), to the effect that a fiduciary owing the duty of highest good faith to the testator and the beneficiaries under his will should not seek to exact from the estate for a single service in its settlement double the amount which the testator expected to pay, and " double the amount which any one would have asserted that he was obligated to pay, had the identical acts and results been directed in slightly different language. This is particularly objectionable where, as in the usual case, such language was put into the testator's mouth by one on whom he had a right to rely for the conservation of his estate on behalf of those whom testator wished to benefit."

The corpus of this estate in respect to the amount payable to the daughter should not be depleted by the payment of double commissions to one designated as a trustee, where no services have been performed separate and distinct from those rendered in the capacity of executor.

The decree in so far as appeal is taken therefrom should be affirmed, with costs to each respondent filing briefs, payable by the appellant personally.

Present — LAZANSKY, P. J., YOUNG, KAPPER, HAGARTY and DAVIS, JJ.

Decree of the Surrogate's Court of Westchester county, in so far as appeal is taken therefrom, unanimously affirmed, with costs to each respondent filing briefs, payable by appellant personally.