In the Matter of the Estate of THOMAS WOLANSKI, Also Known as THOMAS WOLANSKY, Deceased.

Surrogate's Court, Kings County, November 22, 1935.

*Strongin & Hertz*, for the petitioner.

*David Siegelman*, for Mary Wolanski, widow.

*Bachrach, Bachrach & Bisgyer*, for four of the remaindermen.

*George C. Manning, Jr.*, for one of the remaindermen.

WINGATE, S. In this executorial accounting, the fiduciary asks permission to resign as trustee and for the appointment of a successor in his place. The answers of various parties deny that any trust whatsoever was created by the will, and contend that the supposed *cestui que* trust is merely the tenant of a legal life estate, and that in consequence, since the purely executorial duties have been performed, it is the duty of the accountant to turn over the resulting avails to the person to whom the life estate is given, upon the judicial settlement of his account.

The accountant's position is based solely on the phraseology contained in the second item of the will, while his opponents seek support for their contention by reading the third, fourth and eighth items in conjunction therewith. That the testamentary intent is to be gathered from a reading of the will in its entirety is, of course, a primary principle of interpretation. (*Matter of Weil,* 151 Misc. 841, 844; affd., 245 App. Div. 822; *Matter of Corlies,* 150 Misc. 596, 599; affd., 242 App. Div. 703.)

The pertinent items of the document provide as follows:

" *Second.* I give, devise and bequeath to George Vernard of 1421 East 34th Street, in the Borough of Brooklyn, City and State of New York, in trust during the life of my wife, Mary Wolanski, all the moneys which I may have on deposit at the time of my death in the Greenpoint Savings Bank in the Borough of Brooklyn, City and State of New York, my sixty (60) shares of stock of the Standard Oil Co. of New York and all domestic and/or foreign securities that I may own at the time of my decease.

" *Third.* I give, devise and bequeath to my wife, Mary Wolanski, during her life, all the interest that may accrue on my bank deposits and all the dividends that may be earned on all the stocks and securities that I may possess. It is my wish that in the event my wife, Mary Wolanski should desire to exercise her option and elect to take outright one-third of my estate, then the payments of accrued interest and dividends on my bank deposits and stocks and securities shall continue as heretofore provided during her life.

" *Fourth.* It is my wish and I hereby direct my executor hereinafter appointed that after the death of my wife, all the moneys on deposit, shares of stock and securities, whether domestic or foreign shall be distributed by him in five (5) equal parts to my children, to wit; Catherine C. Vernard, Frances Wolanski, Josephine Wolanski, John Wolanski, and Helen Wolanski, share and share alike."

" *Eighth.* I hereby nominate and appoint George Vernard, of 1421 East 34th Street, in the Borough of Brooklyn, city and State of New York, to be the executor of this my last will and testament, without the necessity of filing the usual bond required."

Considerable stress is laid by the respondents on the fact that the fiduciary is, by the eighth item, appointed merely an executor, without the addition of the word "trustee." This is, however, conclusive of nothing. It has been held on innumerable occasions that "a trust duty may thus be imposed upon an executor which thereby becomes and is made a function of his office." (*McAlpine* v. *Potter,* 126 N. Y. 285, 289.) Wherefore the only safe criterion for determination in this connection is by an analysis of the duties which have actually been imposed upon the fiduciary with a decision based thereon as to the character of the office which he occupies. (*Matter of Gregory,* 150 Misc. 610, 611, 612.) The descriptive appellation employed in referring to the fiduciary has no conclusive and scarcely any persuasive weight. (*Matter of Leverich,* 135 Misc. 774, 785; affd. on opinion of this court, 234 App. Div. 625; *Matter of Abrahams,* 136 Misc. 538, 544; *Matter of Rappold,* 138 id. 163, 165; *Matter of Galloway,* 139 id. 183, 189.)

Unlike an executor, whose ordinary powers are derived from the nature of his office, the powers possessed by a trustee are substantially prescribed by the instrument of his appointment, this being the charter of his authority and the criterion from which the propriety of his acts is determinable. (*Matter of Ebbets,* 149 Misc. 260, 265; *Matter of Leeds,* 154 id. 228, 232.)

For the erection of a valid trust, compliance must be found in the instrument of its creation with the provisions of section 96 of the Real Property Law. The only subdivision of that section under which the present direction might conceivably fall is the third, " to receive the rents and profits of real property, and apply them to the use of any person, during the life of that person, or for any shorter term, subject to the provisions of law relating thereto."

The difficulty in the present case, however, is that no power of the prescribed variety is given to the fiduciary. On the contrary, all of the income which may be earned upon the property in question is unequivocally given to the beneficiary direct. Whereas the will purports to vest in the fiduciary the bare legal title of the property in question, he is given no power of sale or investment, nor indeed any authority whatsoever in respect to it, except that after the death of the widow he is directed to pay it over to the five named children as remaindermen.

In this situation, it is obvious that the so-called gift in trust is merely a dry or passive one under which the subject-matter passes to the beneficiary, as life tenant. (Real Prop. Law, § 93; *Coann* v. *Culver,* 188 N. Y. 9, 13; *Cooke* v. *Platt,* 98 id. 35, 38; *Hodgman* v. *Cobb,* 202 App. Div. 259, 265; *Lewis* v. *Howe,* 64 id. 572, 575; affd., 174 N. Y. 340; *Seidelbach* v. *Knaggs,* 44 App. Div. 167, 177; affd.,

167 N. Y. 585; *Matter of Grauer*, 146 Misc. 469, 472; *Matter of Wolf*, 140 id. 595, 596; *Matter of Engel*, Id. 276, 282, 283; *Matter of Shevlin*, 143 id. 213, 216; *Matter of Bell*, 141 id. 720, 722; *Matter of Harris*, 138 id. 287, 289.)

The executor will accordingly turn over the remainder of the estate to the life tenant upon her posting a proper bond to secure its preservation for the remaindermen. (*Smith* v. *Van Ostrand*, 64 N. Y. 278, 281; *Tyson* v. *Blake*, 22 id. 558, 561; *Matter of Hamlin*, 141 App. Div. 318, 329; *Matter of Moran*, 136 Misc. 615, 626.)

The settlement of the controversy between the parties respecting the amount of attorney's fee and commissions is approved.

Enter decree on notice.