Frank D. Paulo, S.
George S. Tobias, as administrator of the goods, chattels and credits of George Lukash, deceased, has applied to this court for an order compelling a judicial settlement of the account of John Swedberg, as executor of the last will and testament of Mary Lukash, deceased.
Mary Lukash died on October 20,1955. Her will was admitted to probate on February 15, 1956. By the terms of her will, all her property passed to her husband, George Lukash. John Swedberg, husband of decedent’s niece, Verne Swedberg, was appointed her executor on February 15,1956. Mary Lukash left a gross estate of $61,623.86.
George Lukash, age 93 years, died on September 2, 1958, a resident of this county.
Thereafter, on October 29, 1959, George S. Tobias, the petitioner herein, and a nephew of George Lukash, was granted limited letters of administration of the estate of George Lukash, limited to the prosecution of an action against John Swedberg and Verne Swedberg, his wife, based upon the allegation that the said persons, by fraud, duress and undue influence, obtained a conveyance or transfer of all of the property of the said George Lukash, including the property inherited by George Lukash from his deceased wife, Mary.
Subsequently the restrictions on the letters of administration were removed to enable the administrator to collect a $1,000 insurance policy.
On or about January 1, 1960, an action was commenced in the Supreme Court, Richmond County, entitled: “ George S. Tobias, individually and as Administrator of the goods, chattels and *543 credits of George Lukash, deceased, Plaintiff, against, John Swedberg and Verne Swedberg, Defendants.” Issue has been joined and examinations before trial held. In this action plaintiff, in substance, alleges that the defendants fraudulently induced George Lukash to transfer all his real and personal property to themselves. Plaintiff seeks to have a trust impressed on these assets in favor of the estate of George Lukash and in favor of the various persons named as beneficiaries in a will made by George Lukash on October 6,1950.
After the death of George Lukash on September 2,1958, John Swedberg filed (but did not offer for probate) a will allegedly executed by George Lukash on December 16,1955.
Under the terms of this will George Lukash left all his property to Veronica Swedberg (sometimes known as Verne Swed-berg) and named John Swedberg his executor. John Swedberg’s affidavit, filed with the will, stated that he was not offering the will for probate because George Lukash died without assets.
On May 21,1962, Stephen Tobias, a nephew of George Lukash and one of the beneficiaries under the 1950 will, filed a petition offering the 1955 will for probate. Since the probate of the 1955 will would defeat his interest, it is obvious that Stephen Tobias seeks to have the 1955 will denied probate. Four persons, including George S. Tobias, have filed objections to the probate of the 1955 will on the grounds of lack of testamentary capacity, undue influence, and fraud.
Before the beneficiaries of the 1950 will of George Lukash become entitled to any of the property they will have to have the 1955 will denied probate; probate the 1950 will; and have the inter vivos transfers to the Swedbergs set aside. Some of the beneficiaries are also distributees of George Lukash and, hence, would inherit even if the 1950 will is denied probate, but even these persons must have the 1955 will and the inter vivos transfers set aside if they are to prevail.
In view of the foregoing facts, the court is of the opinion that the application for an order compelling a judicial settlement of the account of John Swedberg as executor of the estate of Mary Lukash should be denied at this time. A compulsory accounting now will not reach the real issues between the parties. If the Swedbergs succeed in having either the 1955 will or the inter vivos transfers sustained, the accounting would be academic.
The granting of an order for a compulsory accounting is, at least to some extent, discretionary (Matter of Grauer, 146 Misc. 469; Matter of Gleason, 154 Misc. 208). In the exercise of discretion, the application is denied without prejudice.